**RECORD NO. 13-4058**

In The

# United States Court Of Appeals
## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

# RODOLPHO TRUJILLO, a/k/a Rudy,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

———————

## BRIEF OF APPELLANT

———————

**Matthew G. Pruden**
**TIN, FULTON, WALKER**
  **& OWEN, PLLC**
**301 East Park Avenue**
**Charlotte, NC  28203**
**(704) 338-1220**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA  23219
804-249-7770 ♦ www.gibsonmoore.net

## TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES ................................................................................ ii

NATURE OF THE APPEAL ............................................................................. 1

STATEMENT OF JURISDICTION ................................................................... 1

ISSUE PRESENTED .......................................................................................... 1

STATEMENT OF THE CASE ............................................................................ 1

STATEMENT OF THE FACTS ......................................................................... 2

SUMMARY OF THE ARGUMENT ................................................................... 5

ARGUMENT ....................................................................................................... 6

    APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, IN
    VIOLATION OF THE SIXTH AMENDMENT, FOR FAILING TO
    TAKE THE NECESSARY STEPS TO ENSURE THAT
    APPELLANT RECEIVED THE BENEFIT OF THE "SAFETY
    VALVE" AS SET FORTH UNDER 18 U.S.C. § 3553(f) AND USSG
    § 5C1.2. ............................................................................................................. 6

    I.    STANDARD OF REVIEW ................................................................. 6

    II.    DISCUSSION ....................................................................................... 6

CONCLUSION .................................................................................................... 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

**PAGE(S):**

## CASES:

*Anders v. California*,
   386 U.S. 738 (1967)...............................................................................1

*McCoy v. Wisconsin*,
   486 U.S. 429 (1988)...............................................................................1

*Meyer v. Banker*,
   506 F.3d 358 (4th Cir. 2007) ...............................................................6

*Penson v. Ohio*,
   488 U.S. 75 (1988)................................................................................1

*Strickland v. Washington*,
   466 U.S. 668 (1984)...............................................................................6

*United States v. Gastiaburo*,
   16 F.3d 582 (4th Cir. 1994) .............................................................7, 8

*United States v. Richardson*,
   195 F.3d 192 (4th Cir. 1999) ...........................................................6, 7

*United States v. Witherspoon*,
   231 F.3d 923 (4th Cir. 2000) ...............................................................6

## STATUES:

18 U.S.C. § 1956...........................................................................................2

18 U.S.C. § 3231 ...........................................................................................1

18 U.S.C. § 3553(f)..................................................................................1, 6, 7

18 U.S.C. § 3553(f)(5) ...............................................................................4, 7

21 U.S.C. § 841 ........................................................................................................2

21 U.S.C. § 846 ........................................................................................................2

28 U.S.C. § 1291 ......................................................................................................1

28 U.S.C. § 2255 ......................................................................................................7

## **SENTENCING GUIDELINES:**

USSG § 5C1.2 ...............................................................................................1, 4, 6, 7

USSG § 5C1.2(a)(5) ...........................................................................................4, 7

## NATURE OF THE APPEAL

Appellant is submitting this Brief to the Court pursuant to the decision in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988) and *Penson v. Ohio*, 488 U.S. 75 (1988).

Counsel for Appellant has determined, after a careful examination of the record in Appellant's case, that Appellant has no meritorious grounds for direct appeal.  Counsel has set forth below the only issue which he believes presents any arguable basis for relief.

## STATEMENT OF JURISDICTION

The United States District Court for the Western District of North Carolina had original jurisdiction of this case under 18 U.S.C. § 3231.  On appeal, this Court has jurisdiction under 28 U.S.C. § 1291.

## ISSUE PRESENTED

WHETHER APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, IN VIOLATION OF THE SIXTH AMENDMENT, FOR FAILING TO TAKE THE NECESSARY STEPS TO ENSURE THAT APPELLANT RECEIVED THE BENEFIT OF THE "SAFETY VALVE" AS SET FORTH UNDER 18 U.S.C. § 3553(f) AND USSG § 5C1.2.

## STATEMENT OF THE CASE

On August 29, 2011, Rodolpho Trujillo was arrested on a Criminal Complaint alleging conspiracy to distribute and possess with intent to

1

distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846

and 841.  J.A. 3, 9.  A grand jury returned a bill of indictment, filed in the

United States District Court for the Western District of North Carolina,

charging him with conspiracy to distribute cocaine in violation of 21 U.S.C.

§§ 846 and 841, and conspiracy to commit money laundering in violation of

18 U.S.C. § 1956.  J.A. 13-14.

Mr. Trujillo entered into a plea agreement, filed on January 13, 2012,

in which he agreed to plead guilty to both counts charged against him in the

bill of indictment.  J.A. 16.  He pleaded guilty to those counts on January 24,

2012.  J.A. 5-6.  On November 27, 2012, the district court sentenced Mr.

Trujillo to 135 months imprisonment on each count to run concurrently.

J.A. 77.  Judgment was entered on January 17, 2013, and Mr. Trujillo timely

filed notice of appeal on January 22, 2013.  J.A. 81, 87-89.

## STATEMENT OF THE FACTS

In July 2011, a confidential informant ("CI") informed agents with the

Office of Homeland Security Investigations ("HSI") that Rodolpho Trujillo

was involved in drug activity.  J.A. 93.  Pursuant to that information, the CI

met with Mr. Trujillo at Mr. Trujillo's auto mechanic shop in Charlotte,

North Carolina, at which time Trujillo told the CI that would be receiving 25

kilograms of cocaine on July 15, 2011.  *Id*.  He agreed to sell the CI one half

2

kilogram of cocaine and front to the CI another one half kilogram of cocaine. *Id.*

While conducting surveillance on Mr. Trujillo's home, authorities stopped Mr. Trujillo's vehicle. *Id.* They searched his vehicle and found $10,000 underneath the driver's seat. *Id.*

The CI met with Mr. Trujillo again on August 8, 2011 to discuss the purchase of cocaine they had previously planned. *Id.* Two days later, the CI and Detective Dwayne Spears of the Charlotte Mecklenburg Police Department, acting in an undercover capacity, met with Mr. Trujillo. *Id.* The CI and Spears delivered $15,000 to Mr. Trujillo, and he gave them a kilo of cocaine in return. *Id.*

On August 29, 2011, HSI officials arrested Mr. Trujillo and searched his auto mechanic shop pursuant to a search warrant. *Id.* While searching the shop, the officials detained Jesus Trujillo and Luis Fernando Gonzalez, two employees at the shop. *Id.* Mr. Gonzalez gave consent to search his home located at 540 Melynda Road in Charlotte. J.A. 93-94. Upon searching it, HSI officials found $270,139 in cash and 48 grams of crack cocaine. J.A. 94. Gonzalez admitted to the HSI officials that the crack cocaine was his and that he believed the cash was "drug money." *Id.*

3

During its investigation, HSI determined that Mr. Trujillo and Jorge

Sandoval conspired to launder drug proceeds by using the proceeds to

purchase vehicles that were shipped to Mexico and sold there for profit.  *Id.*

The investigation further revealed that Mr. Trujillo and Mr. Gonzales were

responsible for 9.04 kilograms of cocaine and 48 kilograms of cocaine base.

*Id.*

    After Mr. Trujillo's arrest, the government indicted him on one count

of conspiring to distribute cocaine and one count of conspiring to commit

money laundering.  J.A. 13-14.  Mr. Trujillo pleaded guilty to both counts on

January 24, 2011 after entering into a plea agreement.  J.A. 5-6.  The

Probation Office for the Western District of North Carolina filed the final

Presentence Report on June 6, 2012, in which it stated that Mr. Trujillo

appeared to qualify for the safety valve pursuant to USSG § 5C1.2.  J.A. 95.

    During Mr. Trujillo's sentencing hearing on November 27, 2012, Mr.

Trujillo's counsel requested that the district court apply the safety valve

when sentencing Mr. Trujillo.  J.A. 54.   The government objected to a

safety valve reduction on the ground that Mr. Trujillo did not provide "all

information and evidence … concerning the offense or offenses that were

part of the same course of conduct or of a common scheme or plan" as

required by USSG § 5C1.2(a)(5) and 18 U.S.C. § 3553(f)(5).  J.A. 54, 64-67.

Mr. Trujillo's counsel argued that he should receive the benefit of the safety

valve because he accepted responsibility for committing the crimes of

conviction, he signed the factual resume drafted by the government and he

provided the government a proffer (which covered only Mr. Trujillo's

offense conduct made apparent through discovery).  J.A. 54, 72.  The district

court denied the defense's request to apply the safety valve and sentenced

Mr. Trujillo to 135 months on both counts to run concurrently.  J.A. 73, 77.

## SUMMARY OF THE ARGUMENT

Mr. Trujillo argues that his trial counsel was constitutionally

ineffective for failing to take the necessary steps to ensure that Mr. Trujillo

received the benefit of the safety valve.  However, a claim of ineffective

assistance of counsel on direct appeal is cognizable only if the record

conclusively establishes ineffective assistance.  In the present case, the

record does not include sufficient information to conclusively establish

ineffective assistance of counsel as this stage of appeal.

5

## ARGUMENT

**APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, IN VIOLATION OF THE SIXTH AMENDMENT, FOR FAILING TO TAKE THE NECESSARY STEPS TO ENSURE THAT APPELLANT RECEIVED THE BENEFIT OF THE "SAFETY VALVE" AS SET FORTH UNDER 18 U.S.C. § 3553(f) AND USSG § 5C1.2.**

### I.    STANDARD OF REVIEW

Claims of ineffective assistance of counsel are cognizable on direct appeal if the record conclusively establishes ineffective assistance. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). This Court decides *de novo* whether the specific facts in the record constitute ineffective assistance of counsel. *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).

### II.    DISCUSSION

This Court applies the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) when evaluating ineffective assistance of counsel claims. *See Meyer v. Banker*, 506 F.3d 358, 369 (4th Cir. 2007). "In order to succeed on such a claim, a defendant must show: (1) that his counsel's performance did not reach 'an objective standard of reasonableness, and (2) that his counsel's deficient performance prejudiced the defense." *Id*. (quoting *Strickland*, 466 U.S. at 687-88).

6

As Mr. Trujillo's Presentence Report indicated, he qualified for a sentencing reduction under the safety valve pursuant to USSG § 5C1.2 and 18 U.S.C. § 3553(f). The defense and the government's dispute was over the issue of whether Mr. Trujillo fulfilled the requirement that he provide "all information and evidence … concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" pursuant to USSG § 5C1.2(a)(5) and 18 U.S.C. § 3553(f)(5). Mr. Trujillo's trial counsel relied on Mr. Trujillo's acceptance of responsibility, his signing of the factual resume drafted by the government, and his written proffer summarizing his offense conduct as established through discovery as being sufficient to meet the requirement at issue. He did not provide further information from Mr. Trujillo that went beyond that which the government already knew from its own investigation. Thus, it is possible that counsel failed to take the necessary steps to ensure that Mr. Trujillo received the benefit of the safety valve.

This Court, however, has held that "[a] claim of ineffective assistance of counsel should be raised by '[a habeas corpus] motion under 28 U.S.C. § 2255 in district court and not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not provide effective representation.'" *Richardson*, 195 F.3d at 198 (quoting *United States v.*

7

*Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994)).  The record contains no information about whether trial counsel communicated to Mr. Trujillo the requirements of the safety valve and whether Mr. Trujillo was willing to comply with each requirement.  Without that information, Mr. Trujillo cannot conclusively establish on this record that his trial counsel was ineffective in failing to take the necessary steps to ensure that Mr. Trujillo received the benefit of the safety valve.

## CONCLUSION

Appellant respectfully asks this Court to review the record carefully to determine if there are issues of merit which may be raised and which would warrant the Court's vacating the judgment entered in this matter and remanding the case to the District Court for future disposition.

/s/  Matthew G. Pruden
Matthew G. Pruden
TIN, FULTON, WALKER
 & OWEN, PLLC
301 East Park Avenue
Charlotte, NC  28203
(704) 338-1220

*Counsel for Appellant*

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

     this brief contains 1,543 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

     this brief has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

                                        /s/ Matthew G. Pruden
                                        Matthew G. Pruden

                                        *Counsel for Appellant*

Dated:  June 10, 2013

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on June 10, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

Amy E. Ray
Office Of The
   United States Attorney
United States Courthouse
100 Otis Street, Room 233
Asheville, NC  28801
(828) 271-4661

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219